*P/SEND*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5034-GHK (RZx) | | Date | June 25, 2012 |
|---|---|---|---|---|
| Title | *Deutsche Bank National Trust Co. v. Othoniel M. Ceballos* | | | |

| **Presiding: The Honorable** | **GEORGE H. KING, U. S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendant: |
| None | | None |

**Proceedings:**     **(In Chambers) Order to Show Cause**

On June 8, 2012, Defendant Othoniel M. Ceballos ("Defendant") removed the above-titled unlawful detainer action to this Court. The Notice of Removal ("NOR") asserts that we have jurisdiction based upon diversity of citizenship. The NOR also asserts that we have jurisdiction under 28 U.S.C. § 1443(1), which provides that a defendant may remove from the state court any action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."

As a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Finley v. United States*, 490 U.S. 545, 547-48 (1989), we must determine the issue of subject matter jurisdiction before reaching the merits of a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

**I.     We lack diversity jurisdiction over this matter**

There is no basis for us to exercise diversity jurisdiction over this matter. "Jurisdiction founded on 28 U.S.C. § 1332 requires that parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). We find no basis for Defendant's assertion that the amount in controversy in this case exceeds the jurisdictional threshold of $75,000. In unlawful detainer cases, the right to possession – not title to the property – is at issue, and thus the amount in controversy is determined by the damages sought by the complaint. *See Deutsche Bank Nat. Trust Co. v. Soto*, No. CV 11-1149 PA (AGRx), 2011 WL 590286, at *2 (C.D. Cal. Feb. 9, 2011) (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 170 (1977)). Along with the NOR, Defendant attached the state court Complaint. On its face, the Complaint clearly states that the damages sought by Plaintiff do not exceed $10,000. As such, there is no diversity jurisdiction in this case.

**II.     We lack jurisdiction under 28 U.S.C. § 1443(1)**

The NOR appears to argue that because of state court bias against Hispanics, Defendant was powerless to fight his eviction in state court. Defendant states that "[t]he California Superior Courts of Limited Jurisdiction, especially those in Los Angeles County, operate based on an institutionalized

*P/SEND*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5034-GHK (RZx) | Date | June 25, 2012 |
|---|---|---|---|
| Title | *Deutsche Bank National Trust Co. v. Othoniel M. Ceballos* | | |

predetermination of the outcome [sic] reflect a pervasive state statutory program expressly designed to deny Hispanics (and all similarly situated parties) their equal constitutional rights to equal access to the Courts." (NOR ¶ 27).

The Supreme Court has interpreted § 1443 restrictively, implementing a two-part test that parties petitioning for removal must meet:

> First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

*People v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) (citing *Georgia v. Rachel*, 375 U.S. 780 (1966); *Greenwood v. Peacock*, 384 U.S. 808 (1966)). Here, Defendant does not cite a state law or constitutional provision that directs state courts to ignore his civil rights. He makes a general allegation of bias by the state court in Los Angeles County, but "[b]ad experiences with the particular court in question will not suffice." *Id.*; *see also HSBC Bank USA v. Cabal*, No. 10cv1621 WQH (POR), 2010 WL 3769092, at *2 (S.D. Cal. Sept. 21, 2010) (remanding state court unlawful detainer case removed under allegations of state court bias); *Wells Fargo Bank, N.A. v. Pax*, No. SACV 11-00302-JST (RZx), 2011 WL 781477, *1 (C.D. Cal. Feb. 25, 2011) (remanding unlawful detainer action where defendant had not referenced a statute or constitutional provision that commanded state courts to ignore his federal rights).

### III.   Conclusion

Defendant has asserted no other basis for federal jurisdiction, nor is one evident based on the NOR and state court Complaint. *See California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) ("In determining the presence or absence of federal jurisdiction, we apply the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." (internal quotation marks omitted)). The party seeking to establish jurisdiction bears the burden of proving such. *Kokkonen*, 511 U.S. at 377. Therefore, Defendant is **ORDERED TO SHOW CAUSE**, in writing, **WITHIN TWELVE (12) DAYS** hereof, as to why this matter should not be remanded because this Court lacks subject matter jurisdiction. Defendant's failure to timely and adequately show cause as required herein shall be deemed Defendant's admission that this Court lacks subject matter jurisdiction. In that event, this action shall be remanded for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Initials of Deputy Clerk   IR for Bea